United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30681
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERBERT PEA,

Defendant-Appellant.

---
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50013-SMH-7
---

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Herbert Pea appeals his sentence following his guilty-plea
conviction for conspiracy to possess with intent to distribute 50
grams or more of a mixture and substance containing a detectable
amount of cocaine base.  He argues for the first time on appeal
that his sentence violated United States v. Booker, 125 S. Ct.
738 (2005).

The district court's enhancement of Pea's sentence based
upon drug amounts not charged in the indictment and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of a firearm during the offense was plainly erroneous because those facts were not proven to a jury or admitted by Pea. See Booker, 125 S. Ct. at 756, 764-65; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Pea has not shown, however, that the error affected his substantial rights. See Mares, 402 F.3d at 520-21. Pea argues that he does not have to show that the error affected his substantial rights because the error is structural or because the error should be presumed prejudicial. These arguments are foreclosed. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

AFFIRMED.